## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

### INTRODUCTION

I, Meghan Ronayne, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been employed by HSI since August 2020 and I am currently assigned to the Office of the Special Agent in Charge ("SAC") in Boston, Massachusetts. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia, where I received training to become a federal agent; specifically, I received a certification in the Criminal Investigator Training Program and the HSI Special Agent Training Program. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2251, and 2252A. I have conducted and participated in several investigations of violations of those statutes. I have also previously assisted in the execution of numerous federal search warrants in connection with these investigations. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2. I submit this affidavit in support of a criminal complaint charging Thiago da Silva Pinheiro (YOB 1980), of Ohio, with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The statements contained in this affidavit are based in part on: information provided by HSI and CBP agents; other information about this investigation that I have received,

directly or indirectly, from other law enforcement agents; and my experience, training, and background as a Special Agent with HSI. Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included each and every fact known to me concerning this investigation. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

4. On September 20, 2022, Thiago da Silva Pinheiro traveled from Ontario, Canada to Boston, Massachusetts on a commercial aircraft, with an ultimate destination of Brazil. Upon his arrival at Boston Logan International Airport, PINHEIRO was referred to Customs and Border Patrol (CBP) secondary screening, where CBP officers conducted a search of PINHEIRO's luggage.

5. During secondary screening, a CBP officer manually reviewed one of PINHEIRO's digital devices, a Samsung tablet, model number SM-T837V. In doing so, the CBP officer observed images in the tablet's photo gallery that appeared to depict child sexual abuse material (CSAM). The device was subsequently detained, and HSI agents from the Child Exploitation and Computer Forensics group were called to respond for further execution of the border search.

6. PINHEIRO agreed to speak with responding agents. The interview, which occurred in a secure room at the airport, was recorded; the statements below are summary in nature unless specifically indicated otherwise. PINHEIRO was advised of and signed a written waiver of his *Miranda* rights. During the interview, he told agents that he was employed, was familiar with computers, and had previously worked as a teacher in Brazil.

7. During the course of the interview, PINHEIRO indicated that he had purchased the tablet from a friend approximately two years ago. PINHEIRO initially claimed that the device

had not been wiped prior to its sale, but later admitted that his friend wiped the device before PINHEIRO bought it. PINHEIRO further admitted that he was the only person with access to the device after he acquired it.

8. PINHEIRO initially denied any knowledge as to the source of the CSAM on the tablet. He claimed not to have seen this material prior to the agents' interview. However, when informed that the agents later would conduct a forensic examination of his device, he admitted that the videos had come from Mega, a file sharing service that I know based on my training experience is frequently used by consumers of CSAM. PINHEIRO claimed that he used his Mega account, for which he paid a $5 monthly fee, to download movies. He later went on to explain that in this case, he had paid $10 to obtain a Mega link via Tumblr (which I know to be a microblogging and social media site), and had downloaded the CSAM content through that link.

9. PINHEIRO claimed that when he first saw the CSAM content that he had acquired, he was shocked. But he admitted that he continued to access the content, albeit infrequently, and made no effort to delete it.

10. I have manually reviewed certain portions of the tablet. In the tablet's native image and video folder, I observed that the folder contained approximately 2,800 videos, the majority of which appear to be child pornography as defined by statute. Three examples, all of which were located in a file path associated with Mega, are described below:[1]

    a. A video that is one minute, 28 seconds in length, which depicts a prepubescent

---

[1] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere

    female who appears to be approximately two to four years old, wearing a light blue floral shirt and nude from the waist down. An erect adult male penis is depicted penetrating the child's vagina. The date associated with this video is December 31, 2020.

  b. A video that is one minute, 11 seconds in length, which depicts a prepubescent female who appears to be approximately 9 to 11 years old, wearing a blue and white polka-dot shirt and nude from the waist down. The video shows the child inserting her fingers into her vagina, which is the focal point of the video. The child's face is visible. The date associated with this video is December 25, 2020.

  c. A video that is one minute, 13 seconds in length, which depicts a fully nude prepubescent female who appears to be five to seven years old, laying on her back on a bed while an adult male penetrates her anally with her penis before ejaculating on her genital area and rubbing the ejaculate on her genitals. The date associated with this video is December 24, 2020.

11. The tablet, which was manufactured in Vietnam, was secured and transported to HSI

---

opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein appear to be between five and 11 years old—in all events, younger than 18. Furthermore, the descriptions of the files here are sufficiently specific as to the age and/or appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography.

.

Boston for continued processing in furtherance of the Border Search.

## CONCLUSION

12. Based on all of the foregoing, I submit that there is probable cause to believe that on or about September 20, 2022, Thiago da Silva Pinheiro knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A).

Sworn to under the pains and penalties of perjury,

/s/ Meghan Ronayne by PGL
Special Agent Meghan Ronayne
Homeland Security Investigations

SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 21st day of September, 2022.

HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE